Robert J. Ore Executive Director Department of Labor and Employment 251 East 12th Avenue Denver, CO 80203
Dear Mr. Ore:
This opinion letter is in response to your February 20, 1981 letter, in which you inquired about the use of Unemployment Revenue Fund moneys for capital acquisitions by the Division of Employment and Training ("division").
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following question:
May Unemployment Revenue Fund moneys be used to acquire land and/or buildings for job service center locations for the division?
 My conclusion is that moneys in the Unemployment Revenue Fund may not be used for such purposes when Reed Act funds are allocated to the division for such purposes.
ANALYSIS
The Unemployment Revenue Fund ("fund") was established pursuant to C.R.S. 1973, 8-77-106 (Supp. 1980). Use by the division of moneys in the fund is limited by C.R.S. 1973, 8-77-106(3) (Supp. 1980), which provides:
 (3) Moneys in the fund shall first be used to make refunds of interest erroneously collected under the provisions of section 8-79-101. The balance shall be used to defray expenditures for which allocations of federal moneys have been requested but not yet received, for which expenditures the fund will be reimbursed upon receipt of such federal moneys, and to defray expenditures deemed necessary by the division in the administration of the provisions of articles 70 to 82 of this title, for which no allocations of federal money have been made. No moneys in the fund may be substituted for federal moneys which would be allocable in the absence of any moneys in the fund.
The statute provides in relevant part that moneys in the fund may not be used for purposes for which federal funds have been allocated to the division (except on a temporary basis pending receipt of allocated and requested federal moneys, which upon receipt must be used to reimburse the fund). It therefore becomes necessary to consider whether any federal funds have been allocated to the division for the purpose of acquiring land and/or buildings for job service center locations.
You have identified two sources of federal funds which you believe may be considered available to the division for the purpose of acquiring land and/or buildings, and which may therefore have the effect of prohibiting the use of moneys in the fund for that purpose. My opinion is limited to the effect of those two sources only, and does not preclude the possibility that other federal funds may be applicable and not yet identified by the division.
Federal grant funds are provided to the division for the payment of rent on leased facilities under title III of the Social Security Act, 42 U.S.C. § 501 — 504. You have indicated that none of the title III funds provided for the purpose of paying rent may be used for capital acquisitions. I conclude that receipt of these funds will not prohibit the division from using moneys in the fund for acquiring real estate, since it is proper to distinguish between payments for the use of space owned by another and payments for the purpose of acquiring title.
However, the availability of so-called "Reed Act funds" presents a different problem. The "Reed Act," section 903(c) of the Social Security Act, 42 U.S.C. § 1103(c), provides that moneys in the federal Unemployment Trust Fund may normally be used only for the payment of cash unemployment benefits to individuals.42 U.S.C. § 1103(c)(1). However, under section 903(c)(2) of the Social Security Act, 42 U.S.C. § 1103(c)(2), states may use moneys in the federal Unemployment Trust Fund for purposes other than the payment of unemployment benefits if the state legislative body makes a specific appropriation setting forth the purpose of the appropriation and the amount appropriated. This was accomplished by Colorado by the adoption of H.B. 1072, 1979 Colo. Sess. Laws ch. 10, p. 191. Section (1)(a) of the bill authorized the use of the Reed Act funds for the following purposes, among others:
 (II) Acquiring land and erecting buildings thereon for the use of the division of unemployment and training, including architects', engineers', and appraisal fees;
 (III) Such other improvements, facilities, buildings, and equipment as may be required for proper use and operation by the division of employment and training in any of its locations.
House bill 1072 made such funds available only until March 15, 1981, but the availability deadline was extended to March 15, 1983 by S.B. 319 enacted by the general assembly in the 1981 session and signed by the Governor on April 30, 1981. I conclude, therefore, that during the time that Reed Act funds are available to the division, i.e., at least until March 15, 1983, as provided by S.B. 319, moneys in the Unemployment Revenue Fund may not be used for acquisition of land and/or buildings.
SUMMARY
Because Reed Act funds are federal funds which have been allocated to the division for the acquisition of land and/or buildings, no moneys in the Unemployment Revenue Fund may be used for such purposes while such funds are available to the division (except on a temporary basis pending receipt of federal funds, with which the fund will be reimbursed). However, the receipt by the division of federal grant funds under title III of the Social Security Act, for the purpose of making rental payments on leased property, does not, by itself, prohibit the use of Unemployment Revenue Fund moneys for purchasing real estate.
Very truly yours,
 J.D. MacFARLANE Attorney General
EMPLOYMENT SECURITY PUBLIC FUNDS FEDERAL GRANTS
42 U.S.C. § 1103(c)
H.B. 1072 (1979) (1979 Colo. Sess. Laws ch. 10, p. 191)
S.B. 319 (1981)
C.R.S. 1973, 8-77-106(3)
LABOR EMPLOYMENT DEPT. Empl Trng Div Empl Adm
Moneys in the Unemployment Revenue Fund, established pursuant to C.R.S. 1973, 8-77-106, may not be used by the Division of Employment and Training for the purpose of acquiring land and/or buildings for job service center locations so long as Reed Act funds provided under section 903(c) of the Social Security Act,42 U.S.C. § 1103(c), are available to the division for such purposes.